# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:09CR53(8) |
| | § | |
| ALTON DEAN JESTERS. | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On March 24, 2014, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant. The government was represented by Richard Moore, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Wayne Dickey.

Pursuant to a written Plea Agreement, Defendant pled guilty to the offense of Conspiracy to Possess with Intent to Distribute and Distribution of Less than 50 Grams of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, a Class C Felony. This offense carried a statutory maximum imprisonment term of 20 years. The United States Sentencing Guideline range, based on a total offense level of 17 and a criminal history category of VI, was 51 to 63 months. On March 23, 2010, Chief District Judge Leonard Davis sentenced Defendant to 60 months of imprisonment followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include mental health treatment and substance abuse testing and treatment. Defendant completed the term of imprisonment and began his period of supervised release on December 10, 2013.

In pertinent part, under the terms of supervised release, Defendant was to refrain from excessive use of alcohol and not to purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as

prescribed by a physician. In its petition, the government alleges that Defendant violated this term of supervised release when he submitted a urine specimen on January 17, 2014 that tested positive for methamphetamine.

Based on 5th Circuit case law, the Court can find that illicit drug use constitutes possession. Therefore, should the Court find by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing methamphetamine, Defendant will be in violation of Texas Health and Safety Code §481.115 and have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade B violation, the Court shall revoke a term of supervision. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of VI, the Guideline imprisonment range for a Grade B violation is 21 to 24 months. U.S.S.G. § 7B1.4(a).

At the hearing, Defendant pled true to the allegation above. The government recommended custody for 21 months with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant Alton Jesters be committed to the custody of the Bureau of Prisons for 21 months with no supervised release to follow. The Court further recommends incarceration at FCI El Rino, Oklahoma.

Defendant has waived his right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to Chief District Judge Leonard Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 17th day of April, 2014.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE